No. 9219. McNAUGHT, RESPONDENT, v. McCAHAN, et al., APPELLANTS.

250 Pac. (2d) 912.

Decided July 9, 1952.

See 4 C. J. S. Appeal and Error, 1365.

*Messrs. McCabe & McCabe,* Great Falls, for appellant.

*Messrs. Hall, Alexander & Burton,* Great Falls, for respondent.

Per Curiam.

On June 23, 1952, the respondent served upon the appellants and on the following day, June 24, 1952, filed in the office of the clerk of this court a written motion to dismiss the appeal herein upon the grounds that no transcript on appeal nor brief on appeal had been served or filed by appellants within the time prescribed by rule of this court and that the time for filing and serving same has expired.

Attached to and made a part of such motion is a copy of the notice of appeal dated and served January 21, 1952, and a certificate of the clerk of the district court certifying that the notice of appeal and an undertaking on appeal were filed in the trial court on January 23, 1952.

On June 26, 1952, the appellants' transcript on appeal comprising some 160 pages of typewritten matter was filed in the office of the clerk of this court.

On June 28, 1952, appellants served upon respondent, and on June 30, 1952, filed with the clerk of this court, appellants' objections to respondent's motion to dismiss the appeal herein. Attached to and made a part of appellants' objections is the affidavit of E. J. McCabe, Esq., of counsel for appellants and a memorandum of appellants' authorities in support of their said objections.

The affidavit states: That on April 16, 1951, the affiant conducted the defense in the trial of the cause in the district court of Flathead county; that on January 14, 1952, the district court rendered and caused to be filed and entered its judgment

in said cause; that on January 16, 1952, the affiant received formal notice of the entry of such judgment; that on January 24, 1952, the trial judge made and caused to be entered an order extending the time sixty days in addition to the fifteen days allowed by statute for the preparation, serving and filing of appellants' bill of exceptions; that on February 4, 1952, the affiant was suddenly stricken ill and thereafter confined to his home by orders of his attending physician and required to forego and refrain from all legal work because of the seriousness of his condition and because such work would endanger affiant's life; that appellants' proposed bill of exceptions was thereafter prepared and on March 24, 1952, served upon counsel for respondent and on March 26, 1952, filed with the clerk of the trial court for allowance and settlement; that respondent made no objections to the proposed bill of exceptions or the settlement thereof and that after waiting the statutory period of ten days for the submission of proposed amendments, affiant requested the clerk of the trial court to forward such proposed bill of exceptions to the judge presiding at such trial at his home in Conrad, Montana, for settlement and allowance; that on April 16, 1952, the proposed bill was, by said judge allowed, settled and filed as appellants' bill of exceptions; that at the time of the settlement of said bill of exceptions, both the affiant and his associate in the practice of law were absent from the state and in San Francisco, California, in attendance upon the United States Court of Appeals for the Ninth Circuit, presenting argument on appeals in two litigated claims before such court, and that they did not return to their home and office in Great Falls, Montana, until April 19, 1952, at which time they had not been advised as to what if any disposition had been made by the trial judge of appellants' proposed bill of exceptions, and that affiant wrote the clerk of said trial court inquiring as to the status of appellants' proposed bill of exceptions and in reply thereto, on April 25, 1952, was advised by said clerk that said proposed bill had been settled, allowed and filed in said court on April 16, 1952; that thereupon affiant commenced

the preparation of appellants' transcript on appeal and that same together with the necessary copies thereof were not finally completed and proof read until June 17, 1952, following which affiant caused the index thereto to be typed and proof read and that said bill of exceptions together with the index thereto was completed on June 20, 1952, and delivered to the printer for binding, and that upon completion thereof the bound transcript was submitted to the clerk of the district court of Flathead county for comparison, and the same was by him duly signed and certified on June 23, 1952, and that promptly thereafter, to-wit, on June 24, 1952, said transcript so properly certified was served upon counsel for respondent, and thereafter delivered to the clerk of this court where such transcript was filed on June 26, 1952.

The affidavit further states that it was impossible to file the transcript on appeal in the office of the clerk of the supreme court within sixty days from the date of the filing of appellants' notice of appeal in the district court of Flathead county for the reason that the bill of exceptions in said cause was not settled until a month after the expiration of such sixty day period and the typing and completion of the preparation of said transcript on appeal and the due certification of such transcript by the clerk of the trial court was not completed until June 23, 1952.

On the afternoon of July 2, 1952, the affiant appeared in person at the office of the clerk of this court and asked to be heard on appellants' objections to respondent's motion to dismiss the appeal. At that time a quorum of the supreme court was not present,—the following day was a legal holiday, being July 4th and neither counsel for respondent, nor counsel for appellants have been heard on either the motion nor the objection thereto, but on July 8th, the supreme court first considered said motion to dismiss the appeal and appellants' objections thereto, and it appearing to the court that prior to its consideration thereof that appellants' transcript on appeal had been filed in the office of the clerk of this court, and the record

perfected to the satisfaction of this court, and the delay in filing such transcript has been without laches on the part of appellants.

It is therefore ordered that respondent's motion to dismiss the appeal be and the same is denied. See R. C. M. 1947, sec. 93-8019 and Supreme Court Rule VI, subdivisions 2 and 3.